HARRY J. DOHERTY ET AL., PLAINTIFFS, v. MICHAEL BOYAJIAN AND WALTER TASHYIAN, DEFENDANTS.

Decided February 6, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and LLOYD.

For the rule, *Howard L. Miller.*

*Contra, William I. Garrison.*

PER CURIAM.

In July, 1926, the plaintiff Harry J. Doherty was driving his car on Penn street, in the city of Camden. His daughter, Agnes, the other plaintiff, was riding with him. As he was crossing Eighth street, which intersected Penn street, a car owned by the defendant Michael Boyajian, and driven by the defendant Walter Tashyian, collided with the car which he was driving. Both plaintiffs were injured in the collision, and this suit was brought by them jointly to recover compensation for their respective injuries, the daughter being a minor and the father acting as her next friend in the suit. At the close of the trial the jury rendered a verdict in favor of the plaintiff Harry J. Doherty and a verdict of no cause of action against the plaintiff Agnes Doherty.

The only question requiring discussion is whether these two verdicts are so inconsistent as to require them to be set aside. As has already been stated, the proofs show that the girl, Agnes, was injured in the collision, and this fact is conceded by counsel of the respective parties. This being so,

if the father was entitled to a verdict, certainly the daughter was also. Consequently, the two verdicts are entirely inconsistent. The present case in this respect is like that of *Lanning* v. *Trenton, &c., Traction Co.*, decided by this court, and reported in 3 *N. J. Mis. R.* 1006, where suit was brought by a wife for injuries received by her while a passenger in a car of the defendant company, and her husband joined as plaintiff, seeking to recover the expenses incurred by him on account of his wife's injuries, and also compensation for the loss of her services and society. The jury found a verdict in favor of Mrs. Lanning, which, of course, was based upon the theory that her injuries were the direct result of the negligence of the defendant's motorman. At the same time they returned a verdict of no cause of action as to the claim of the husband, although the rendition of the medical services was not disputed, nor was the propriety of the charges made for such services challenged. It was there held that these two verdicts were absolutely irreconcilable, and demonstrated the unfitness of the jury to determine the respective rights and obligations of the parties to the litigation; that if the traction company was responsible for the injuries received by the wife, it followed as a matter of course that the husband was entitled to recover from the company such moneys as he had expended in the treatment of the injuries received by his wife, and also a reasonable compensation for the loss of her services and society. Reaching this conclusion, the court set the verdicts aside.

The present case being identical in its legal aspect with that to which we have referred, the rule to show cause will be made absolute.