BESSIE RUBY ET AL., PLAINTIFFS-RESPONDENTS, v. EMIL QUOTIDIAN, DEFENDANT-APPELLANT.

Argued January 22, 1936—Decided March 26, 1936.

Before BROGAN, CHIEF JUSTICE, and Justices LLOYD and DONGES.

For the appellant, *Carey & Lane.*

For the respondents, *Edward J. Madden.*

PER CURIAM.

This case is before us on appeal.

The complaint consists of two counts. The first count alleges that on December 20th, 1932, the plaintiff Bessie Ruby was injured through the negligence of the defendant and seeks damages therefor. In the second count, Michael Ruby, husband of Bessie, alleges that he was obliged to hire assistance to take care of his wife's usual household duties

for a long period of time and was obliged to expend large sums of money for hospital care, medical treatment, medicines, nurses and doctors' expenses. There was no claim for compensation for the loss of consortium. The trial judge, on defendant's motion, struck out the third paragraph of the second count, alleging payment of medical expenses and the like, on the ground that the doctors' bills and hospital bill had not been proved.

The trial resulted in a verdict in favor of plaintiff Bessie Ruby in the sum of $2,400 and a verdict of no cause of action against Michael Ruby. A rule to show cause why the verdict should not be set aside on the ground that the verdicts are irreconcilable; the result of mistake; and excessive, was allowed and discharged by the trial judge.

On this appeal this action is alleged to be error and an abuse of discretion. Matters resting in discretion will not generally be reviewed on appeal, but may be so dealt with where abuse of discretion is shown. *Martin* v. *Lehigh Valley Railroad Co.*, 114 *N. J. L.* 243; 176 *Atl. Rep.* 665.

In the instant case there was testimony that a Miss Barry for almost three years came every Saturday to plaintiffs' home and did some cleaning for which she was paid seventy-five cents a week, and that plaintiff's sister-in-law, Mrs. Young, was paid $2 a day for two weeks. While there was no claim in the complaint for loss of consortium the court, without objection, charged the jury as follows:

"Mr. Michael Ruby is joined as a plaintiff here, because he says that he has been deprived of his wife's society and companionship for the time she has been ill. If you find that Mrs. Ruby is entitled to a verdict under the rules which I have laid down, you may consider the question of a sum of money which would compensate Michael Ruby for that deprivation; because a husband under our law is entitled to the services and the association and consortium of his wife, as the Latin word goes, and if a person deprives him of that, that person is responsible in damages therefor."

It will be observed that the jury disregarded the testimony with respect to outlays for assistance in the house, and disregarded the charge of the court that Michael Ruby was

entitled to be compensated for loss of consortium. Liability being found, it followed, as a legal necessity, that there should have been a verdict for the husband.

This situation, in principle, is governed by *Lanning* v. *Trenton and Mercer County Traction Corp.*, 3 *N. J. Mis. R.* 1006; 130 *Atl. Rep.* 444, where this court set aside a verdict under almost identical circumstances. See, also, *Swiencicki et ux.* v. *Wieczerzak*, 6 *N. J. Mis. R.* 145; 140 *Atl. Rep.* 248; *Henderson* v. *Abbotts Alderney Dairies*, 7 *N. J. Mis. R.* 454; 146 *Atl. Rep.* 47; *Doherty* v. *Boyajian et al.*, 9 *N. J. Mis. R.* 263; 153 *Atl. Rep.* 375.

In the situation presented, the jury having entirely disregarded the evidence and the charge of the court, we conclude that there was an abuse of discretion in discharging the rule to show cause, for the reasons above stated, and the judgment is reversed and the cause remanded to the Court of Common Pleas with instructions to make the rule to show cause absolute.