[Civ. No. 4834.  Third Appellate District.—April 10, 1933.]

JOHN D. ROY, Administrator, etc., Appellant, v. ANNA L. SMITH et al., Respondents.

149

Robert H. Schwab for Appellant.

Thomas J. Straub, Clinton F. Stanley, W. U. Goodman and Joseph M. Raines for Respondents.

THOMPSON, J.—The respondents moved to dismiss the appeal in this case on the ground that appellant's brief does not conform to Rule VIII, section 3, of the Rules for the Supreme Court and District Courts of Appeal, by omitting to print therein the substance of the complaint upon which she relies as her statement of a cause of action, and because the appeal is frivolous, since the complaint recites facts making it physically impossible for the defendants to be charged with negligence resulting in the death of Fern Mildred Roy. The cause was dismissed as to the defendant Smith.

We think the appellant's brief sufficiently conforms to the above rule, which merely requires the printing of

"the nature of the action and the substance of the pleadings" relied upon. The brief recites in part: "The complaint alleges that the defendant so negligently supplied natural gas to said apartment, which was burned through the burners installed by defendant, that carbon dioxide gas was formed to such an extent that Mrs. Roy died. . . . The defendant gas company had the control of the gas in question, and also that it had installed the gas jets which were required in making the change from artificial gas to natural gas. (See pars. V and VI of the complaint.)" It requires no speculation to understand the appellant has charged the defendant, Pacific Gas and Electric Company, with negligently causing the death of Fern Mildred Roy by the use of defective apparatus or the means by which it supplied her apartment with natural gas for the purpose of heating the rooms. The complaint is concise and free from ambiguity. The plaintiff relies on the doctrine of *res ipsa loquitur*. In addition to reciting the substance of the complaint upon which the appellant relies, the brief specifically refers to paragraphs V and VI of the complaint for further information. The brief appears to substantially comply with the requirement of the court rule above cited.

■ The respondent strenuously asserts that because the complaint admits that the flame from the floor gas heater continued to burn after the death of Mrs. Roy, it is physically impossible for her to have died from the effect of carbon dioxide because that noxious gas is heavier than normal air and would have settled to the floor and thereby extinguished the gas flame before she was suffocated. It is claimed the court will take judicial knowledge of this scientific fact, which destroys the appellant's cause of action upon his admitted statement that the flame was found burning after the death of Mrs. Roy. Admitting the truth of the scientific fact for which the respondent contends, the result precluding the possibility of asphyxiation does not necessarily follow.

The complaint alleges that the defendant, Pacific Gas and Electric Company, was engaged in supplying heating gas to the apartment of Fern Mildred Roy by means of a floor gas heater; this furnace was supplied with a vent-pipe to carry off the noxious gas which is usually generated; in changing its fuel from artificial gas to natural gas, the

company had attached a new burner which is presumed to be necessary for proper combustion of the natural gas; the defendant company had exclusive control of the heating apparatus and of the pressure and flow of the gas supplied; the deceased was reclining on the bed in her apartment where this gas floor heater was installed; the flame was burning; in some manner unknown to the plaintiff, either because of a defect of apparatus or of the manner or pressure in supplying the gas, it is alleged that carbon dioxide was generated in the room, causing the death of Mrs. Roy. It is alleged that "said gas furnace continued to burn from the time Fern Mildred Roy lighted the same until after her death when said gas furnace was extinguished by another person". It is contended this admission is fatal to the plaintiff's right of recovery for the reason that it refutes the possibility of her death as a result of carbon dioxide.

It is true that courts may take judicial knowledge of scientific facts which are commonly recognized. (*Coughlin* v. *Great Western Power Co.*, 183 Cal. 548, 551 [191 Pac. 920].) Under proper circumstances judicial knowledge of recognized laws of nature or science may require a court to disregard the allegations of a pleading which are in direct conflict therewith. (16 Stand. Ency. of Proc. 600; *People* v. *Oakland Water Front Co.*, 118 Cal. 234, 244 [50 Pac. 305].) Upon the contrary, it is equally true that courts will not take judicial notice of facts which are not matters of common or general knowledge. They do not necessarily take judicial notice of facts which may be ascertained by reference to dictionaries, encyclopedias or scientific publications. (23 C. J. 60, sec. 1810.) Even though the laws of nature or science are so well known that they become matters of judicial knowledge, their application to the facts of a particular case may still remain a valid matter of controversy. The effect of such natural laws, however, should be clear and unescapable before a court will be justified in ignoring specific allegations of a pleading. It may be conceded in the language of Smith's Elementary Chemistry, that "Carbon dioxide . . . is one-half heavier than air. . . . The gas extinguishes burning wood, oil or candles. . . . Fifteen or sixteen per cent of it in air is sufficient to extinguish ordinary combustibles." It is common knowledge that carbon dioxide has a specific gravity of 1.53 as compared with

ordinary air. It is heavier than air, and has a tendency to settle to the ground. It is generated by ·burning carbon in the presence of an excess of oxygen. It is commonly produced by combustion of fuel, respiration, fermentation and decay of vegetable and animal matter. An overabundance of carbon dioxide will fill the lungs and suffocate a human being. It is a common cause of death. For that reason due care requires the use of vent-pipes in connection with gas furnaces to carry off the noxious fumes. Granting that carbon dioxide is heavier than normal air, that it has a tendency to settle to the lowest available point and that the presence of a sufficient quantity of it will extinguish burning wood or other fuel, still we are unable to say, as a matter of law, just what quantity or density is required to extinguish the burning flames of a gas furnace which is continuously fed by natural gas under high pressure. Neither are we able to say, as a matter of law, just what quantity of carbon dioxide is required to asphyxiate a human being under various conditions. Nor are we able to determine, as a matter of law, that carbon dioxide, which is generated by the burning of a floor heater and carried into the upper realm of an inclosed room by the currents of heated air created by the burning of a floor furnace, may not result in suffocating a person reclining on a bed before the noxious gas reaches the floor in sufficient quantity or density to extinguish a gas flame fed by high pressure. It will be observed the complaint in the present case does not state how long the gas flames continued to burn after the suffocating of Mrs. Roy. There are too many uncertainties and absent elements for this court to say under the pleading in this case, as a matter of law, that it was impossible for Mrs. Roy to have been asphyxiated by carbon dioxide merely because the gas flame was found burning after she had expired. There appear to be issues in this case which require the production of evidence to establish proof of the cause of death. For that reason the motion to dismiss this appeal should be denied. It is so ordered.

Pullen, P. J., and Plummer, J., concurred.