[Civ. No. 4834. Third Appellate District.—September 20, 1933.]

JOHN D. ROY, Administrator, etc., Appellant, v. ANNA L. SMITH et al., Respondents.

Robert H. Schwab for Appellant.

Thomas J. Straub, W. H. Spaulding, W. U. Goodman and Joseph M. Raines for Respondents.

THOMPSON, J.—From a judgment which was entered against the plaintiff pursuant to an order of court sustaining a general and special demurrer to the third amended complaint and specifically denying leave to amend the pleading, the plaintiff has appealed.

The complaint alleges that the defendant Smith is the owner of Bay View Court Apartments at No. 215 York Street in the city of Vallejo; that on November 19, 1930, and for a long time prior thereto, the deceased, Fern Mildred Roy, was a tenant and occupied rooms in the apartments; that during all of said time the apartments were heated by means of gas furnaces which were installed in the floors of the living rooms; "that said gas furnace was equipped with a vent pipe which was connected with the outside of said apartment so as to permit the escape of gases from said furnace"; that during all of said time the gas furnace remained

in the same condition, and that prior to said date it was frequently used by said deceased without injurious effect; that during all of said time the defendant Pacific Gas and Electric Company was a public utility corporation engaged in supplying to the public and to said apartment house natural gas for domestic and heating purposes; that the defendant Pacific Gas and Electric Company had exclusive control of the plant used for supplying gas for cooking and heating in said apartments, and shortly before the death of said Fern Mildred Roy the use of artificial gas for said purpose was discontinued and natural gas was thenceforth supplied in lieu thereof; that for the purpose of said change in the character of the gas used, it became necessary, and the company did change the burner of said gas furnace; that said gas company at all times had the exclusive control over the distributing plant together with the character, pressure and flow of the gas supply to said floor furnace; that after said change had been made in the nature of the gas burner and the character of the gas supplied, and on November 19, 1930, the said Fern Mildred Roy, for the purpose of heating her apartment, turned on and lighted the gas furnace and then reclined upon the bed in her room, and ''while she was so lying upon her bed she was overcome by carbon dioxide gas and died therefrom''. The complaint then concludes with this statement: ''That said defendant Pacific Gas and Electric Company so negligently and carelessly supplied said natural gas to said apartment for use in said gas furnace so that said carbon dioxide gas was created by burning said natural gas through the burners as installed by said Pacific Gas and Electric Company in said gas furnace in said apartment. That said carbon dioxide gas was created to such an extent that said Fern Mildred Roy died from the effects thereof.'' The prayer then asks for damages for the death resulting from the negligence alleged.

To this complaint the defendants demurred on the ground that the pleading fails to allege facts sufficient to state a cause of action, and upon the further ground of uncertainty in failing to allege what created the carbon dioxide or how their negligence contributed to the death of Fern Mildred Roy. This demurrer was sustained without leave to amend. Judgment was entered accordingly.

█ We are of the opinion the complaint states a good cause of action against the Pacific Gas and Electric Company. The pleading alleges in general terms that the company had exclusive control over the plant by means of which the gas was supplied, and of the nature, character, pressure and flow thereof. It is also alleged the company changed the burner of the floor furnace just before the accident occurred, and that its negligence with respect to the nature and character of gas furnished and the apparatus supplied caused the generation of carbon dioxide which resulted in the death of Mrs. Roy. The plaintiff relies upon the doctrine of *res ipsa loquitur*. Having alleged that death ensued from the presence of carbon dioxide which was generated by its defective nature and by the manner of supplying the gas together with the apparatus with which it was furnished, the burden shifts to the company to refute the inference of negligence on its part. (*Jianou* v. *Pickwick Stages System,* 111 Cal. App. 754 [296 Pac. 108, 109]; 19 Cal. Jur. 713, sec. 127.) In the Jianou case, *supra,* it is said:

"The very hypothesis of the doctrine (of *res ipsa loquitur*) is that the plaintiff has no knowledge of just what caused the accident, and that since the instrumentality by means of which the accident occurred is solely within the control of the defendant, negligence will be inferred upon proof of a *prima facie* case, in the absence of an adequate explanation on the part of the defendant exempting him from liability."

The language seems peculiarly applicable to the challenged pleading in the present case. On the doctrine of *res ipsa loquitur,* the complaint in the present case states facts sufficient to shift the burden to the gas company to refute the inference of negligence.

█ The respondents assert that since the complaint alleges that "said gas furnace continued to burn from the time Fern Mildred Roy lighted the same until after her death when said gas furnace was extinguished by another person", it was physically impossible for her to have died from the effect of carbon dioxide because that noxious element is heavier than air and therefore would have settled to the floor, smothering the flame of the furnace before it suffocated the victim. It is claimed that the court will take judicial notice of the scientific fact that carbon dioxide is

heavier than air, and that it will extinguish burning fuel. Upon the application of this scientific principle the respondents maintain the claim that it was impossible for the deceased to have lost her life as a result of the presence of carbon dioxide.

As we have pointed out in a previous opinion rendered on a motion to dismiss this appeal on the same ground (*Roy* v. *Smith,* 131 Cal. App. 148 [21 Pac. (2d) 151, 153]), the respondents have carried this application of the principle of judicial notice of scientific facts too far. It will be observed the complaint alleges the gas furnace was extinguished by another person *after the death* of Fern Mildred Roy. For the purpose of passing on the demurrer it must be assumed the flame of the furnace was extinguished very soon after the death of Mrs. Roy. In the case of *Kraner* v. *Halsey,* 82 Cal. 209, 211 [22 Pac. 1137, 1138], it is said: "The demurrer must be determined on the allegations of the pleading before the court. A court is not allowed to speculate on what might have happened, or what might not have occurred."

The special demurrer does not raise the question as to when the furnace was extinguished. We have said in the Roy case above cited that even though the laws of nature and science are well enough known to become matters of judicial knowledge, the application of such laws to the facts of a particular case may still remain valid subjects of controversy. As we suggested in the case last mentioned: "Granting that carbon dioxide is heavier than normal air, that it has a tendency to settle to the lowest available point and that the pressure of a sufficient quantity of it will extinguish burning wood or other fuel, still we are unable to say, as a matter of law, just what quantity or density is required to extinguish the burning flames of a gas furnace which is continuously fed by natural gas under high pressure. Neither are we able to say, as a matter of law, just what quantity of carbon dioxide is required to asphyxiate a human being under various conditions."

■ Granting the scientific fact contended for by the respondents with respect to the specific gravity of carbon dioxide and its tendency to extinguish burning fuel, we are unable to say, as a matter of law, that the flame of the floor furnace would have been extinguished before the victim who reclined on a bed which was elevated some two feet

above the surface of the floor, was suffocated by the noxious fumes. It is reasonable to assume the carbon dioxide which was generated by the burning of the gas in the furnace, would be carried in the upper realm of the inclosed room by the force of the current created by the lighted furnace, and that it might suffocate a person reclining on a bed two feet above the level of the floor before the carbon dioxide settled to the floor in sufficient quantity and density to extinguish the flame. This makes it apparent that the scientific principle relied upon by the respondents, which must be applied on the doctrine of judicial knowledge, is not conclusive under the circumstances of this case. There is a specific allegation that Mrs. Roy died from the effect of the carbon dioxide.

Finally, the respondents assert that because the complaint alleges "that said gas furnace was equipped with a vent pipe which was connected with the outside of said apartment *so as to permit* the gases to escape from said furnace", the pleader is precluded from recovering damages for alleged negligence in furnishing defective gas or inadequate apparatus. It is evident that if the vent pipe was adequate to carry off the noxious gas, the victim would not have died from the effect of carbon dioxide. The pleader asserts that it was not adequate to carry off the noxious gas when he alleges "that said Fern Mildred Roy died from the effects thereof". This may be reconciled with the above-challenged statement. The pleader does not say the vent pipe actually carried off the noxious gas. He alleges that it was installed "*so as to permit* the gases to escape". Taking the pleading as a whole we must assume that the pipe was not adequate for the purpose for which it was intended.

For the foregoing reasons, we are of the opinion the third amended complaint states a good cause of action against the defendant Pacific Gas and Electric Company. It fails to state a good cause of action against the defendant Smith.

The judgment is affirmed as to the defendant Smith and is reversed in so far as it applies to the defendant Pacific Gas and Electric Company, with directions to overrule the demurrer and permit the filing of an answer thereto.

Plummer, J., and Pullen, P. J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 17, 1933, and the following opinion then rendered thereon:

THE COURT.—In denying the petition for a hearing in this court we are not to be understood as approving that portion of the opinion of the District Court of Appeal relating to the applicability of the doctrine of *res ipsa loquitur* in determining the sufficiency of the pleading.

The petition for hearing is denied.