[Civ. No. 9426. Second Appellate District, Division One.—October 19, 1935.]

HELEN K. WALTEMATH, Respondent, v. WESTERN STATES REALTY COMPANY (a Corporation), Appellant.

George L. Greer for Appellant.

Holbrook, Taylor, Tarr & Reed and Towman & Noble for Respondent.

DORAN, J.—Plaintiff sued for damages for personal injuries sustained by her due to a fall, at night, upon an unlighted stairway of the apartment building where she was a tenant. The defendants Miller, O'Connor, Dean and Bartholomew were the manager, assistant manager, maid and janitor, respectively, of the apartment building and the employees of defendant Western States Realty Company, the owner. The jury found for the plaintiff, against the Western States Realty Company, and for the other defendants above named. The defendant corporation appeals.

The complaint alleges and the answer admits that Miller, as manager, "had full and complete charge of said premises and was responsible for the condition thereof and for the maintenance thereof in a good and safe condition"; that defendant O'Connor was also charged with such responsibility in the absence of Miller; that the maid and janitor were "engaged in the business of cleaning the halls and stairways and keeping the same in a clean, safe and usable condition"; that on the night in question "the hallways were wholly unlighted by any means and dark and, that the hallway along-

side of the rear stairs and leading to the rear stairway was not artificially lighted, as required by law, and that defendants allowed such darkened condition to continue for a long period of time; that said hallway and stairs were maintained by the defendants and each of them for the use of the occupants of said apartment house". The requirements of the Tenement Housing Act, section 66, of Act 8548, General Laws, with respect to lighting of apartment houses were alleged; also that defendants negligently allowed a piece of carpet adjacent to the stairway, to be loose, curled and broken and in a greasy and slippery condition, over which plaintiff tripped or slipped and fell down the stairs.

Appellant contends, first, that because the complaint alleged, and the answer admitted, that the defendants Miller and O'Connor had full and complete charge of the premises and were responsible for the condition thereof and the maintenance thereof in a good and safe condition and that the jury found in favor of these defendants, such finding exonerated the defendant owner; second, that plaintiff was guilty of contributory negligence.

The first contention is unwarranted. The allegation simply means that as between plaintiff and the servants, they, the servants, were in full and complete charge of the premises. Such an allegation cannot reasonably be interpreted as a determination and waiver of the liability of the defendant company. It was unnecessary to allege the legal duty of a landlord that results from the relation of landlord and tenant. Moreover, the complaint alleged that the *defendants* negligently and carelessly allowed and permitted the hallway to be in a dangerous and negligent condition and allowed the rug to be loose, curled and bent, etc.

The appellant relies upon the rule that where recovery is sought based upon the act or omission of an agent, whom a principal did not direct and in which the principal did not participate, and where, thus, his responsibility is simply the responsibility cast upon him by law by reason of his relationship to his agent, the effect of a judgment exonerating the agent is such that the principal is thereby relieved of responsibility. (*Bradley* v. *Rosenthal*, 154 Cal. 420 [97 Pac. 875, 129 Am. St. Rep. 171].) The rule, however, is not applicable here. The duty and responsibilities of the defendant company, in the case at bar, were independent, as well as related.

If a defendant is in law and in fact responsible, the exoneration of a codefendant will not relieve him of the legal consequences of his responsibility. The contention of appellant that the negligence was exclusively that of the employees cannot be sustained.

■ The second point, viz., that because the plaintiff undertook to traverse the dark and defective hall and stairway she was guilty of contributory negligence, is without merit. No other points are raised by the appeal.

The judgment is affirmed.

Houser, P. J., and York, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 16, 1935.