[Civ. No. 19688. First Dist., Div. Two. July 18, 1961.]

AUDREY M. BURKE, Appellant, v. THEODORE G. ZANES et al., Defendants; PACIFIC GAS AND ELECTRIC COMPANY (a Corporation), Respondent.

Nichols, Williams, Morgan & Digardi and John T. Williams for Appellant.

Richard H. Peterson, R. A. Raftery and David R. Fuller for Respondent.

McCABE, J. pro tem.*—Plaintiff appeals from a judgment of dismissal entered in favor of defendant Pacific Gas and Electric Company, a corporation, after its general demurrer was sustained without leave to amend.

By her second amended complaint, plaintiff seeks to recover for personal injuries sustained while on the premises owned by defendant Zanes, and alleges defendant Zanes "did rent certain portions of said premises to tenants" and plaintiff was a tenant of defendant Zanes. At or about 2 p. m. on October 28, 1959, defendant corporation undertook to set and adjust an automatic electrical timing switch controlling the illumination of common hallways on the property owned by defendant Zanes, and it knew or should have known the lights controlled

---

*Assigned by Chairman of Judicial Council.

by the automatic switch were the sole means of illuminating the common hallways, and by reason of any inadequate illumination the hallways would be dangerous for persons to walk upon; that defendant corporation did so carelessly and negligently set and adjust the automatic switch the lights did not turn on until approximately 9:15 p. m. on October 28, 1959, which was about an hour after plaintiff fell. By reason of the lights not being turned on, which failure was a result of defendant corporation's negligence, the common hallways were rendered dangerous for persons to walk upon. At about 8 p. m. on October 28, 1959, plaintiff had occasion to use the common hallway adjacent to the front door of the building, and as a proximate result of the negligence plaintiff fell to the floor sustaining personal injuries. Plaintiff generally sets forth her injuries and the treatment rendered her, and seeks special and general damages.

On this appeal plaintiff contends there was a statutory duty owed her by defendant corporation, citing section 1708, Civil Code, and section 17820, Health and Safety Code, and, independent of statutory duty, defendant corporation owed a duty to plaintiff which it failed to perform. Defendant contends (1) there was no privity of contract between it and plaintiff, and thus no duty was imposed, and (2) plaintiff failed to allege a breach of duty arising in tort solely because of the gratuitous adjustment of the automatic switch.

An accepted principle of law in a case in the posture of the instant case is that the allegations of fact must be taken to be true (*Carlson* v. *Lindauer*, 119 Cal.App.2d 292 [259 P.2d 925]).

It is clear from the pleadings that defendant corporation, on the afternoon before the accident, did undertake to set and adjust the automatic electrical switch which controlled the illumination in the hallways. Whether defendant corporation did this work under an agreement between defendant Zanes and itself or otherwise is not decisive of this appeal while the case is at the pleading stage. As pleaded, the careless and negligent doing of the act of adjustment would affect plaintiff, since it was known by defendant corporation that the premises were occupied by tenants and the premises had common hallways. It follows that defendant corporation knew the common hallways would be used by tenants of the premises. Defendant was bound to know from the type of instrumentality it was servicing that any failure on its part to properly adjust or set the instrument would create a probable

danger to tenants using the hallways. Plaintiff was one of the tenants entitled to use the hallway.

The adjustment of the automatic switch was at 2 p. m. on the day of the accident. The accident occurred after dark and at approximately 8 p. m. In point of time the events occurred too closely to be overlooked in a review of the pleadings to determine whether there was a duty owed on the part of defendant corporation. From the allegations of the complaint, the chain of causation was present.

Before the decision in *Biakanja* v. *Irving*, 49 Cal.2d 647 [320 P.2d 16, 65 A.L.R.2d 1358], there were numerous exceptions to the rule that the court must find a privity of contract in certain types of cases before a third party litigant could recover in tort from one of the original contracting parties. In the Biakanja case, a notary public was negligent in the preparation and execution of a will which was later declared a nullity. One of the named beneficiaries under the will sought to recover from the notary public for his negligence. It was the notary public's contention on appeal that since there was no privity of contract between him and the beneficiary, there could be no recovery in tort. ▇ The Supreme Court said, at page 650:

"The determination whether in a specific case the defendant will be held liable to a third person not in privity is a matter of policy and involves the balancing of various factors, among which are the extent to which the transaction was intended to affect the plaintiff, the foreseeability of harm to him, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, and the policy of preventing future harm. (*Cf.* Prosser, Torts (2d ed. 1955), §§ 36, 88, 107, pp. 168, 172, 544-545, 747; 2 Harper and James, Torts (1956), § 18.6, p. 1052.)"

▇ Defendant corporation must be bound by this rule despite its citation of numerous cases decided before the Biakanja case. The result of the Biakanja case is that there need not be found a privity of contract between plaintiff and the defendant corporation in order to find liability.

In plaintiff's complaint, the elements set forth in the Biakanja case are present. The pleadings are sufficient against an attack by general demurrer.

▇ However, if it is argued that the Biakanja case arose

out of a situation where there was an original agreement between the notary public and the decedent testator, and therefore the holding of the Biakanja case is to be confined to those or similar facts only, defendant must be bound by rules governing tort actions arising out of negligence. Section 1708, Civil Code, reads: "Every person is bound, without contract, to abstain from injuring the person or property of another, or infringing upon any of his rights."

Whatever the instigating cause, defendant corporation undertook to do a job of adjusting the automatic switch. In so adjusting, it was bound to do it properly and not carelessly or negligently. The plaintiff has alleged it was done negligently and carelessly and defendant corporation knew or should have known the consequences of its misfeasance.

"Liability for 'misfeasance', then, may extend to any person to whom harm may reasonably be anticipated as a result of the defendant's conduct, or perhaps even beyond . . ." (Prosser, Torts [2d ed.] § 38, pp. 183, 184.)

Under a similar set of facts involving a tenant, landlord and Pacific Gas and Electric Company, the court, without reference to the relationship of the parties, found a cause of action was stated. (*Roy* v. *Smith*, 134 Cal.App. 240 [25 P.2d 251, 26 P.2d 650].) There is little difference, if any, between the exclusive control exercised by Pacific Gas and Electric Company in the Roy case, *supra*, and the exercising of control over the instrument which allegedly caused the injury in the instant case. Certainly by the pleadings, defendant corporation is placed in a position where, having done the work negligently, it must be responsible for the consequences of its acts.

Whatever rights defendant corporation had to do the work it undertook to do, it was bound to exercise those rights in such a manner as not to interfere with the rights of others. (*Donnelly* v. *Hufschmidt*, 79 Cal. 74 [21 P. 546] ; *Needham* v. *San Francisco & San Jose R. Co.*, 37 Cal. 409.) It was foreseeable for a person in the position of defendant corporation that a class of persons of which plaintiff was a part might be injured if it did its work negligently. The evidence introduced in the trial may negate these conclusions but at this posture of the case this reasoning must control.

Defendant corporation's contention is that the face of the complaint reflects that plaintiff was contributorily negligent and this was a proximate cause of the accident.

In *Waltemath* v. *Western States Realty Co.*, 9 Cal.App.2d

583 [50 P.2d 451], the plaintiff sought to recover for personal injuries sustained in a fall, at night, upon an unlighted stairway of the apartment where she was a tenant. On the appeal defendant contended plaintiff was guilty of contributory negligence because she undertook to traverse the darkened stairway. The court said, at page 586: "The second point, viz., that because the plaintiff undertook to traverse the dark and defective hall and stairway she was guilty of contributory negligence, is without merit . . . ."

Defendant corporation, in effect, is asking the court to determine upon the pleadings and as a matter of law that plaintiff was guilty of contributory negligence. ■■■ The Supreme Court, in *Anthony* v. *Hobbie*, 25 Cal.2d 814 [155 P.2d 826], sets forth the proper rule at page 818:

". . . The burden of proving contributory negligence is upon the defendant. (19 Cal.Jur. 697-699.) True, contributory negligence may be found by the trier of fact from the plaintiffs' own evidence. But cases in which it can be said that the negligence of plaintiff contributes proximately to the accident as a matter of law are rare. ■■■ The rule has been stated in various ways in a legion of cases, that contributory negligence is not established as a matter of law unless the only reasonable hypothesis is that such negligence exists; that reasonable or sensible men could have drawn that conclusion and none other; that where there are different inferences that may be drawn, one for and one against, the one against will be followed; and that before it can be held as a matter of law that contributory negligence exists, the evidence must point unerringly to that conclusion. [Citations.] . . ."

Also, in *Bady* v. *Detwiler*, 127 Cal.App.2d 321, 339 [273 P.2d 941], it is said: "It is only where no fact is left in doubt, and no deduction or inference other than negligence can be drawn by the jury from the evidence, that the court can say, as a matter of law, that contributory negligence is established. Even where the facts are undisputed, if reasonable minds might draw different conclusions upon the question of negligence the question is one of fact for the jury. [Citations.]"

■■■ It cannot be said from the complaint that the only reasonable hypothesis is that plaintiff was guilty of negligence or that reasonable men could draw the sole conclusion that plaintiff was negligent.

Cases cited by defendant corporation are those determined upon a motion for nonsuit or directed verdict. Obviously in

the cited cases the trial judge had before him evidence of the circumstances of the accident, and not the mere formal statements in the pleadings.

Although defendant corporation seeks to apply section 2850, Labor Code, to the pleadings in the instant case, thus requiring a pleading of gross negligence, there is no allegation in the complaint which described an employer-employee relation between any of the parties or allegations from which an inference of this relationship could be drawn. This section is under article 3, Labor Code, entitled "Obligations of Employee." Since there is no pleading of such a relationship existing nor allegations from which an inference of employer-employee relationship can be drawn, the inapplicability of this code section is patent.

Plaintiff seeks to apply the obligations set forth in section 17820, Health and Safety Code, to create a liability against defendant corporation. The section reads as follows:

"In every apartment house with more than two apartments above the first floor, and in every hotel there shall be installed and kept burning from sunset to sunrise throughout the year artificial light sufficient in volume to illuminate properly every public hallway, passageway, public stairway, fire escape egress, elevator, public water-closet compartment, or toilet room."

Plaintiff's complaint does not allege what type of premises were occupied by her and owned by defendant Zanes. Although on this appeal both plaintiff and defendant corporation refer to the premises as an "apartment house," these statements cannot and do not supply a deficiency in the complaint which would bring into operation the provisions of section 17820.

Judgment reversed, with directions to overrule the demurrer and permit the filing of an answer thereto by defendant Pacific Gas and Electric Company.

Draper, Acting P. J., and Shoemaker, J., concurred.