[Civ. No. 7536. Fourth Dist. Aug. 23, 1965.]

GLEN J. GILL et al., Plaintiffs and Appellants, v. MISSION SAVINGS & LOAN ASSOCIATION, Defendant and Respondent.

Mize, Larsh, Mize & Hubbard, Mize, Larsh, Mize, Hubbard & Baxter and Royal E. Hubbard for Plaintiffs and Appellants.

Arthur M. Bradley for Defendant and Respondent.

COUGHLIN, J.—This is an appeal from a judgment of dismissal upon an order sustaining a general demurrer to a first amended complaint. Leave to amend was granted, but no amendment was filed.

As appears from the first amended complaint, plaintiffs were the owners of four promissory notes executed by Darnell Development Company, a limited partnership; and secured by deeds of trust upon real property each of which contained the following provision: "This deed of trust, shall, . . . be subject to a deed of trust to be hereafter executed

by the trustors or their successors in interest covering said land and securing a loan, not exceeding $28,000.00''; in consideration of the foregoing subordination provision the loan referred to therein was ''to be used solely for the construction of improvements upon'' the realty described in the deed of trust; the defendant, a savings and loan association, made a ''construction'' loan of $20,000 ''upon'' the real property described in each deed of trust evidenced by a promissory note secured by a ''separate'' deed of trust upon that property; the defendant, at all times, ''had full and complete knowledge and well knew and . . . acted upon the premises, that the loans referred to in the subordination'' provision, ''were to be loans solely for the construction of improvements upon'' the real property respectively described in the deeds of trust; the defendant, ''so carelessly and negligently managed and supervised the distribution of said funds, (i.e. those obtained from the ''construction'' loans made by defendant) that when the same were completely expended the construction had not been completed in accordance with the plans and specifications therefor''; that ''as a direct and proximate result of the carelessness and negligence of said defendant, as aforesaid, said properties were not in a condition to be sold and the payments on said notes evidencing said construction loans became delinquent and notice of default was declared''; and ''as a direct and proximate result of defendant's carelessness and negligence, as aforesaid, plaintiffs were damaged'' in designated amounts on account of specifically described expenditures they were required to make.

Inferentially, it also appears from the first amended complaint that the borrowers from the defendant were the trustors in the original deeds of trust, or their successors in interest.

The issue for determination is whether defendant owed plaintiffs a duty to exercise ordinary care in managing and supervising the distribution of the funds defendant had loaned, to the end that these funds would be used only for construction purposes.

''It is an elementary principle that an indispensable factor to liability founded upon negligence is the existence of a duty of care owed by the alleged wrongdoer to the person injured, or to a class of which he is a member.'' (*Routh* v. *Quinn*, 20 Cal.2d 488, 491 [127 P.2d 1, 149 A.L.R.].)

In their opening brief, plaintiffs assert that the subordination provision in the original deeds of trust ''was made upon an understanding between plaintiffs and defendant herein that said loans were to be used solely for the construction of improvements upon the designated lots.'' The allegations of the first amended complaint do not support the conclusion that defendant expressly or impliedly agreed with plaintiffs that the loaned funds should be used solely for construction purposes. At most, the amended complaint supports an inference that plaintiffs and the trustors under plaintiffs' deeds of trust agreed that the loaned funds would be used only for such purposes, and that defendant had knowledge of this agreement. Based on this interpretation of their first amended complaint, the plaintiffs contend that defendant made the construction loans with knowledge that unless the proceeds therefrom were used for the purposes intended the security of plaintiffs' subordinated deeds of trust would be impaired, and in doing so assumed and was charged with the duty to see that the proceeds from the loans were devoted to the intended purposes. In support of this contention plaintiffs rely upon the decisions in *Merrill* v. *Buck,* 58 Cal.2d 552 [25 Cal.Rptr. 456, 375 P.2d 304]; *Burke* v. *Zanes,* 193 Cal.App.2d 773 [14 Cal.Rptr. 619] and *Valdez* v. *Taylor Automobile Co.,* 129 Cal.App.2d 810 [278 P.2d 91]. The principles applied in these decisions are not applicable to the case at bench. This is not a case of the negligent performance of a contractually imposed obligation where public policy in light of existent factors extends the duty to exercise due care in the performance of that obligation to a person not in privity with the obligor, and such a person sustains injury resulting from the negligent performance thereof, either because of omission or commission (*Biakanja* v. *Irving,* 49 Cal.2d 647, 650 [320 P.2d 16, 65 A.L.R.2d 1358]); nor a case of the negligent performance of an obligation, or act, arising out of a voluntarily assumed relationship (*Merrill* v. *Buck, supra,* 58 Cal.2d 552, 561); nor a case of the negligent performance of a service actually and voluntarily undertaken (*Burke* v. *Zanes, supra,* 193 Cal.App.2d 773, 777-778; *Valdez* v. *Taylor Automobile Co., supra,* 129 Cal.App.2d 810, 817); nor a case of the negligent performance of an obligation imposed by statutory law or regulation. (See 35 Cal.Jur.2d 502.)

Nowhere in the first amended complaint does it appear that the defendant agreed with anyone to manage or supervise

distribution of the loaned funds, assumed to do so, actually undertook such, or was required by statutory law or regulation to so manage or supervise. Nor is there any showing of a voluntarily assumed relationship between defendant and plaintiffs from which such an obligation might arise.

If defendant had no obligation to manage and supervise distribution of the construction funds, obviously, it had no duty to exercise ordinary care in the performance of such an obligation. (Generally see 38 Am.Jur. 654, fn. 18.)

 Furthermore, the circumstances in this case do not invoke public policy imposition upon defendant of a duty to exercise due care not to injure plaintiffs, with an attendant obligation to supervise and manage the proceeds of loans made by defendant to another. Defendant was not a participant in the transaction culminating in the subordination agreement, and the provisions respecting such in the original deeds of trust, which enabled the trustors therein to obtain loans upon the subject properties. The plaintiffs easily could have protected themselves against any alleged misuse of the proceeds of such loans by appropriate limitations upon the subordination provision in their deeds of trust. The fact defendant had knowledge of an agreement between plaintiffs and the Development Company that the loans from defendant would be used for construction purposes, and that this was the reason plaintiffs agreed to subordinate their deeds of trust to those executed in favor of defendant is not a circumstance motivating public policy imposition upon defendant of a duty to exercise care to effect the agreement between plaintiffs and the Development Company. (See *Security T. & S. Bank* v. *Fidelity & Deposit Co.,* 184 Cal. 173, 178 [193 P. 102].)

 In *Biakanja* v. *Irving, supra,* 49 Cal.2d 647, 650 the court said: ''The determination whether in a specific case the defendant will be held liable to a third person not in privity is a matter of policy and involves the balancing of various factors, among which are the extent to which the transaction was intended to affect the plaintiff, the foreseeability of harm to him, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, and the policy of preventing future harm.''

No moral blame attached to defendant's conduct here. Nor is there need of intervention by law to prevent harm in the

future where the more effective means of prevention lies with the party who might be harmed.

The judgment is affirmed.

Brown (Gerald), P. J., and Whelan, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied October 20, 1965.