Garde T. **BALDWIN** and Lavon C.
Baldwin, Defendants–Appellants,

and

**Hughes, Pelz, Leach & Clikeman, a
professional corporation and its
shareholders, Appellants,**

v.

**BRIGHT MORTGAGE COMPANY (f/k/a
STM, f/k/a Southern Trust and Mort-
gage Company), a Texas corporation,
Defendant–Appellee.**

No. 86CA0482.

Colorado Court of Appeals,
Div. II.

Dec. 7, 1989.

Rehearing Denied Jan. 11, 1990.

Certiorari Denied June 11, 1990.

Tobey & Pelz, P.C., Charles E. Stuart, Denver, for defendants-appellants and appellants.

Phelps, Singer & Dunn, Kenneth E. Peck, Denver, for defendant-appellee.

OPINION

Opinion by Judge TURSI.

Garde T. and LaVon C. Baldwin and Hughes, Pelz, Leach & Clikeman (law firm) appeal from the summary judgment and the award of attorney fees in favor of Bright Mortgage Company. We affirm.

This dispute arose out of the construction of a residence for the Baldwins, who had purchased a lot from a developer and conveyed it to a home builder to assist the builder in obtaining a construction loan to build their house and three other ones. The builder obtained a construction loan from a lender now known as Bright Mortgage Company. The loan was secured by the subject property and other properties. Problems arose and eventually the lender foreclosed on the property without the residence having been completed. The Baldwins were sued for breach of contract by the builder and the developer. They were permitted to join the lender as a defendant and then cross-claimed against the lender. On lender's motion for summary judgment, the trial court dismissed the Baldwins' claims against the lender and awarded it attorney fees and costs.

I.

The Baldwins contend that the trial court erred in finding that the lender did not owe

a duty of care to them. They argue that the lender knew of their interest in the property and, therefore, owed a duty of care not to disburse the loan proceeds negligently. We disagree.

■ "The general rule throughout the United States is that where a landowner agrees to subordinate his fee interest to a mortgage lien for the purposes of obtaining a construction loan, without an express covenant from the mortgagee (or lessee-developer) to the landowner, to see to the application of sums advanced, possible diversion of funds by the mortgagor-developer is a risk assumed by the landowner, unless the latter is able to demonstrate fraud or collusion between the mortgagor-developer and the mortgagee." *Grenada Ready–Mix Concrete, Inc. v. Watkins*, 453 F.Supp. 1298 (N.D.Miss.1978). Moreover, even though a lender knows of an agreement between a landowner and developer that the loan is to be used to improve the property and the landowner has subordinated his interest in the property to obtain the loan, such knowledge does not impose a duty of care on the lender to assure compliance with the agreement between the landowner and the developer. *Gill v. Mission Savings & Loan Ass'n*, 236 Cal.App.2d 753, 46 Cal.Rptr. 456 (1965).

Here, the Baldwins conveyed the property to the builder and did not retain a legal interest in it. Even if they had, the lender had no duty to protect such an interest. *See Grenada Ready–Mix Concrete, Inc. v. Watkins, supra.* Thus, we agree with the trial court that the lender owed no duty to the Baldwins.

## II.

The Baldwins and the law firm also contend that the trial court erred in assessing attorney fees against them. They argue that the trial court did not make the findings required by the applicable version of the statute now codified as § 13–17–102, C.R.S. (1987 Repl.Vol. 6A), that their attorneys did not violate C.R.C.P. 11, and that their claims were not groundless or frivolous. We disagree.

Here, the Baldwins' attorneys filed numerous other claims based on joint venture, fraud by deceit, negligence, and added claims with each amended claim. The trial court found, with adequate specificity, that there was no basis in law, based upon the factual predicates in this matter, for the filing of these claims and that this was known at the time the claims were filed.

There is support in the record for the trial court's findings that substantially all of the claims were groundless or frivolous, and thus, we will not disturb them on appeal. *See Schoonover v. Hedlund Abstract Co., Inc.*, 727 P.2d 408 (Colo.App. 1986).

We decline to award the lender attorney fees for this appeal because a tenable principle of arguable law was presented on the issue raised here. *See Sports Premiums, Inc. v. Kaemmer*, 42 Colo.App. 172, 595 P.2d 696 (1979).

Judgment affirmed.

SMITH and FISCHBACH, JJ., concur.