### Helsel *v.* Traction Company.

*Negligence—Joint action by husband and wife—Measure of damages.*

The redress for injuries resulting to the wife under the Act of May 8, 1895, P. L. 54, which provides that only one suit shall be brought in the name of the husband and wife results, under the proper procedure, in a separate verdict and judgment in favor of each plaintiff if both recover. The appellate court will not reverse if the jury, in assessing the damages, award to one party the damages which strictly ought to go to the other. In such case, the party injured is the other plaintiff, not the defendant, and if the party injured does not complain of the manner in which the jury has apportioned the damages for which the defendant is liable, the defendant can have no meritorious cause of complaint.

Argued April 27, 1900. Appeals, Nos. 145 and 146, April T., 1900, by defendant, in suit of Martha Helsel and Samuel B. Helsel, against the Consolidated Traction Company, from judgment of C. P. No. 3, Allegheny Co., May T., 1898, No. 158, on verdicts for plaintiffs. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Opinion by RICE, P. J.

Trespass. Before EVANS, J.

It appears from the record that this was an action to recover damages for personal injuries not resulting in death to the wife.

The court charged the jury in part as follows :   .

[The husband is entitled to his wife's earnings, and is entitled to recover any loss he may have sustained by reason of her not being able to earn as much as she would have, had the accident not occurred.]  [1]  . . . .

[He would be entitled to recover, in addition to her loss of. earning power, any expense to which he may have been put for nursing during her sickness, but I have no recollection that the girls employed were employed to nurse her.   If they were, then he would be entitled to recover the amount spent for nursing.   My recollection is they were employed to do her work about the house, and that, of course, would be included in the sum you may give him to compensate him for the loss of her earning power during the time that has already elapsed, and during the time that will elapse whilst she is disabled.]  [2]

Verdict of $500 for plaintiff, Samuel B. Helsel, and $1,500 for plaintiff, Martha Helsel.   Defendant appeal.

*Errors assigned* were (1, 2) to portions of the judge's charge, reciting same.

*H. L. Castle,* with him *Geo. C. Wilson* and *W. P. Potter,* for appellant.—The Act of June 3, 1887, P. L. 332, section 1, provides that "property of every kind, owned, acquired or earned by a woman before or during her marriage, shall belong to her and not to her husband : " Lewis's Estate, 156 Pa. 337.

In view of the clear language of the act of assembly and the decision above given, it seems almost unnecessary to argue further that the court made a mistake when he instructed the jury that the husband was entitled to the earnings of his wife.

*Rody P. Marshall,* with him *Thos. M. Marshall,* for appellees.

OPINION BY RICE, P. J., July 26, 1900 :
The Act of May 8, 1895, P. L. 54, provides that whenever

injury, not resulting in death, shall be wrongfully inflicted upon the person of the wife, and a right of action for such wrongful injury accrues to the wife, and also to the husband, these two rights shall be redressed in only one suit brought in the name of the husband and wife. The proper procedure under this act results in a separate verdict and judgment in favor of each plaintiff, if both recover. The manifest advantages of the procedure are, that it saves expense, and, more important, prevents the possibility of a double recovery of damages resulting from the failure of the jury to appreciate the distinctions between the measure of damages in the husband's case and the measure of damages in the wife's case. Where the damages of both parties are assessed by the same jury there is no possibility of this mistake. As was said in Machen v. Ry. Co., 13 Pa. Superior Ct. 642, the two verdicts work an apportionment of the total amount of damages, and together include the expenses, the loss of services and the bodily pain and suffering. The only danger is, that the jury may award to one damages that strictly ought to go to the other. In such case the party injured is the other plaintiff, not the defendant, and if the party injured does not complain of the manner in which the jury has apportioned the damages for which the defendant is liable, it is difficult to see what meritorious cause of complaint the latter can have. There can be no better illustration than the present case. The learned judge instructed the jury that the only damages recoverable by the wife were for pain and suffering, and that damages for loss caused by the impairment of her earning power were recoverable by the husband, because, as he construed the law, the husband is entitled to his wife's earnings. His language was as follows: "The husband is entitled to his wife's earnings, and is entitled to recover any loss he may have sustained, by reason of her not being able to earn as much as she would have, had the accident not occurred. But he is not entitled to recover what it would cost him to put some person in her place to do her work, and also to recover, in addition to that, damages by reason of her inability to do the work. . . . The wife is entitled to recover an allowance for the pain and suffering which she has undergone, and is liable to undergo, by reason of the injuries she has sustained. As it is impossible to

measure that by any fixed standard, that question is left to the sound discretion of the jury, and you will determine it after a careful consideration. You are only entitled to give to the plaintiff compensation for physical injuries. Any pain and suffering which may be purely mental is not such for which you are entitled to give her compensation. . . . If she is suffering from a physical injury received from falling off this car, or from being thrown off the car, through the negligence of the conductor, in causing the car to be started too soon, then she is entitled to recover, and the husband is entitled to recover damages on the lines I have laid down to you." Taking these instructions as a whole, and assuming, as we must, that the jury obeyed them, it is manifest that the two verdicts were for no greater sum than the gross amount which the plaintiffs were entitled to recover. If there was error—and it is to be noticed that this is the only substantial error complained of—in saying that the husband, not the wife, was the party entitled to the damages consequent upon the impairment of her earning power, she alone was injured by it. And as she, by her omission to except to the instructions and to complain in any way of the verdict and judgment, impliedly assented to and acquiesced in, the apportionment of the damages, as directed by the court, we do not think that the defendant has just ground for asking a reversal of the judgment. We are not prepared to give our assent to the broad general proposition that, under all circumstances, the husband is entitled to his wife's earnings, as, for example, her earnings in the trade or business of dressmaking which she carries on in addition to performing her domestic duties. See Lewis's Est., 156 Pa. 337, Nuding v. Urich, 169 Pa. 289, and Frost v. Knapp, 10 Pa. Superior Ct. 296. But it seems unnecessary in the present case to attempt to lay down a rule for the apportionment of damages consequent upon impairment of earning capacity, when the husband loses the benefit of her services in keeping his house and she loses the earnings she would make in her separate trade or business. Whatever may be the law upon that subject, we find no error in this record for which the judgment should be reversed.

The judgment is affirmed.