[Sac. No. 4059.   Department Two.—August 30, 1928.]

BLANCHE   HUSA   McNETT, Respondent,   v.   JOHN
VOLFI, Appellant.

90

Irving D. Gibson for Appellant.

J. Oscar Goldstein and Wm. H. Hatfield for Respondent.

LANGDON, J.—This action was one for personal injuries as a result of a collision between an automobile owned by the plaintiff and in which she was riding, according to her contention, as a guest, and one owned and operated by the defendant, John Volfi.

The collision occurred at the intersection of 36th Street and 4th Avenue, in the city of Sacramento, which cross each other at right angles. Sacramento Boulevard, running from the northwest to the southeast, includes within its boundaries the northwest corner of the said intersection. At the time of the collision the automobile in which the plaintiff was riding was proceeding north on 36th Street and the defendant was driving his Ford delivery truck east on 4th Avenue. The following extract from the testimony of the defendant will explain the accident: "I was coming from the west, going east on Fourth Avenue; when I got down about the crossing, a machine was going across Sacramento boulevard, I was going southeast—going east. So I was turning my eyes on the car there, kind of side-ways, watching the car coming up; when I got about three feet I saw the Taylor car, and I applied my brakes, but it was too late so we came to a crash. Q. In other words, you

mean to tell the jury you never saw Mr. Taylor's car crossing until you were within three feet? A. Three feet of him. Q. Did you at any time look towards 36th street to your right to see if a car was entering this intersection? A. I did not. Q. Did you ever see Mr. Taylor's car being driven over 36th Street as you were coming into the intersection until the time you were within three feet of him? A. No. Q. Why didn't you see his car before he came into the intersection after he passed into— A. I told you I was watching the car that was crossing Sacramento boulevard.''

A portion of the transcript of the defendant's testimony, given in another action growing out of this same accident, was read into the record in the instant case, as follows: ''I was going east, and he was going north; I was about—coming down this way between the curb and the car track; as I made the mark, I should judge between 15 and 17 miles an hour, I was looking ahead, right straight ahead, more to the left—I did not look to the right; I did not see Mr. Taylor's car until I was a few feet away from him. I did not have time to apply my brakes or nothing.''

This testimony, regardless of anything else appearing in the record, justified the jury in finding, as it did, that the defendant was guilty of negligence and we shall not discuss further the arguments of the appellant to the contrary. And this testimony, together with the other evidence in the record, justified the conclusion that the defendant's negligence was the proximate cause of the collision and injury to plaintiff.

█ Taylor, the driver of plaintiff's automobile, testified (and in this he was corroborated by the two other occupants of the automobile) that as he reached about the south curb line of 4th Avenue and looked to the left, he saw defendant's automobile coming up the street about ten feet outside of the intersection and the defendant was looking around; that Taylor started to blow his horn, thinking defendant would see him; that defendant did not look ahead of him at all until he struck Taylor's automobile; that Taylor was going about six miles an hour; that he had just started his motor and it was cold and would not ''pick up'' to allow him to escape; that defendant was looking back into his own automobile and was crossing the intersection at about twenty-five or thirty miles an hour.

It is contended by appellant that Taylor was negligent in not stopping his automobile when he saw defendant approaching heedlessly and blindly at a rapid rate of speed. Certainly it may not be successfully contended that Taylor's negligence, if any, was the sole proximate cause of plaintiff's injury. If it be conceded to appellant that the negligence of Taylor was a concurring cause of plaintiff's injury, the judgment for plaintiff would, nevertheless, be a proper one, for we think the record discloses that she was a guest in her own automobile at the time of her injury and, therefore, any concurring negligence of Taylor was not imputed to her.

The testimony was uncontradicted to the effect that plaintiff owned the automobile; that Taylor was the husband of plaintiff's sister; that Taylor asked to use plaintiff's automobile to take some turkeys he had raised to San Francisco to market. Plaintiff consented. She was not interested in any way in the turkeys or in the business of Taylor. Plaintiff's sister, Taylor's wife, was to accompany Taylor to San Francisco and when she was making her preparations she asked plaintiff if she would like to accompany her (Mrs. Taylor) on a pleasure trip. Plaintiff accepted this invitation. At the time of the accident, plaintiff was riding in the automobile, together with Taylor and his wife, and she had placed a few articles of her wearing apparel in her sister's suitcase which was being carried in the automobile.

The undisputed testimony shows that Taylor had full charge and control of the automobile on the journey to San Francisco, and that it was being operated in connection with his own business, and the facts and circumstances appearing in the record support the finding of the jury that plaintiff was a guest in her own automobile at the time of her injury.

■ The only remaining question arises from appellant's contention that the verdict is void for inconsistency. The action was tried upon plaintiff's third amended complaint, which contained two causes of action, the first for damages for alleged personal injuries and the second for alleged damages to plaintiff's automobile. The jury returned a verdict for plaintiff upon the first cause of action for five thousand dollars and upon the second cause of action the jury found in favor of defendant and against plaintiff.

It would seem that the plaintiff had grounds for complaint because of the finding upon the second cause of action, but, assuredly, the defendant has no such cause, and his appeal from the verdict upon the first cause of action is without merit.

The judgment appealed from is affirmed.

Shenk, J., and Richards, J., concurred.