DANIEL HENDERSON ET UX. ET AL. v. ABBOTTS ALDERNEY DAIRIES, INCORPORATED.

Decided May 4, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justice PARKER.

For the rule, *Howard L. Miller.*

*Contra, LeRoy W. Loder.*

PER CURIAM.

This is an automobile accident case. On the 6th of July, 1926, two of the plaintiffs, Rae Henderson and Jennie Stancil, were driving along the Millville Pike, near Bridgeton, in an automobile belonging to the former's husband. As they reached the intersection of a highway known as Carmel road a truck belonging to the defendant company came out of this road and collided with the car in which these two women were riding. They brought suit against the company to recover compensation for the personal injuries that were received by them respectively in the collision. Their husbands were joined as plaintiffs. Stancil claimed compensation for the loss of services and companionship of his wife and for the medical expenses incurred by him in the treatment of her injuries. Henderson claimed like compensation, and also compensation for the damage to his car. The trial resulted in the rendition of a verdict in favor of Mrs. Henderson for $10,000; of a verdict in favor of Mrs. Stancil for $1,750; of a verdict in favor of Mr. Henderson for $1,500, and of a verdict of no cause of action as to Mr. Stancil.

The finding of the jury in favor of Mrs. Stancil and against her husband was in direct disregard of the charge of the court, which was that if they found the driver of the defendant's truck solely responsible for the accident, they should return verdicts in favor of each one of the four plaintiffs. The only ground upon which the verdict against Stancil can be justified under the charge is that the jury found that the defendant's driver was not guilty of negligence causing the accident. If that finding was justified, then the finding in favor of the other plaintiffs cannot be

sustained. *Lanning* v. *Mercer County Traction Co.,* 3 *N. J. Mis. R.* 1006. In that case we stated that verdicts similar to those in the present case were absolutely irreconcilable and demonstrated the unfitness of the jury to determine the respective rights and obligations of the parties to that litigation. This statement, in our opinion, is applicable to the jury in the present case.

The rule to show cause will be made absolute.