## Meyer et ux. v. Austin et ux.

*Sheridan & Sheridan* and *Vosburg & Vosburg*, for plaintiffs.

*Albert B. Carrozza*, for defendants.

FLANNERY, J., March 9, 1942.—Plaintiffs, husband and wife, sued to recover damages arising from injuries sustained by the latter on the premises of defendants when, according to the testimony, she fell down an unlighted open stairway leading from the ladies' room of the "Inn" maintained by them.

The jury returned a verdict as follows:

"We, the jury in the above case, find a verdict in favor of Edward C. Meyer in the amount of two hundred thirty four and 25/100 dollars and Anna M. Meyer nothing."

The verdict is a contradiction and cannot be sustained.

The jury by its action established the negligence of defendants and that such negligence was the sole cause of the accident which produced the injury.

If these conclusions are not correct then the verdict for the husband cannot be justified. But neither can it be justified if they are correct. To do so would place the stamp of judicial approval upon the finding that the wife must accept without liability to defendant an injury and damage caused solely by defendant's negligence.

In a similar question which arose in King et. ux. v. Brady, 14 Erie L. J. 108, the court held:

". . . by rendering a verdict for the defendant in her case, we can come to no other conclusion than that the jury must have been influenced by partiality or prejudice or by some misconception of the law or the evidence, and we are, therefore, constrained to grant a new trial. . . ."

Since the Act of May 8, 1895, P. L. 54, requires that injuries to a wife "shall be redressed in only one suit", it follows that a new trial, if awarded, must be awarded to both.

For reasons set forth herein the rule to show cause why a new trial should not be granted is made absolute.