Per Curiam.

In this one action brought by the wife to recover damages for personal injuries she sustained and by her husband to recover for the medical expenses and loss of services resulting from his wife’s injuries, a verdict for the wife and against the husband may not stand. The verdicts are clearly inconsistent and “ sound practice requires both verdicts to be set aside at once, without attempting by analysis of the evidence, or otherwise, to discover whether either should be allowed to stand.” (Gray v. Brooklyn Hgts. R. R. Co., 175 N. Y. 448, 450.)
Reversible error was also committed by the trial court in refusing the defendant’s request to charge. The court’s prior charge to the effect that the plaintiff ‘ ‘ must prove her case by a fair preponderance of the credible evidence ’ ’ was not coextensive with the defendant’s request to charge “ that the plaintiff, having the burden of proof, if the jury finds that the evidence is equally balanced in their minds, the verdict must be for the defendant.” By refusing such request, the jurors may have been misled to believe that the verdict need not be for the defendant if the evidence was equally balanced in their minds. The court should have charged as requested or should have explained what is meant by the fair preponderance of evidence. (Roberge v. Bonner, 185 N. Y. 265, 269.)
The judgment should be reversed as to Lois Coleman, and a new trial directed, with costs to appellant to abide the event.
Concur—Hecht, J. P., Steuer and Tilzer, JJ.
Judgment reversed, etc.