[Civ. No. 11101. Third Dist. Aug. 2, 1966.]

THOMAS MARTINEZ, Plaintiff and Appellant, v. NICHOLS CONVEYOR & ENGINEERING CO., INC., et al., Defendants and Respondents.

J. Adrian Palmquist, Kenneth B. Cayocca and Francis T. Cornish for Plaintiff and Appellant.

Fitzwilliam, Memering, Stumbos & DeMers, Leo M. Fitzwilliam, McGregor, Bullen & Erich, George W. Bullen and Sedgwick, Detert, Moran & Arnold for Defendants and Respondents.

REGAN, J.—Plaintiff Martinez brought this action for damages against the manufacturer and bailor of a paper baler. The trial was before a jury and Martinez appeals from a judgment in favor of both defendants.

Martinez was injured during the course of his employment as a baler tender by Sacramento Waste Disposal Company (hereinafter called Disposal). The machine which he was operating, a certain hydraulic down-stroke paper baler, had a metal bolt shear off, allowing an 800-pound platen on the baler to fall on Martinez' arm, and resulting in serious injuries.

The baler, which was manufactured by Nichols Conveyor and Engineering Company (hereinafter Nichols), was sold to defendant Independent Paper Stock Company (hereinafter Independent) but at Independent's request shipped to Disposal and used there pursuant to an arrangement by which Disposal would bale paper for Independent.

There was evidence at the trial that Disposal, Martinez' employer, had made an addition to the baler after its delivery, having added a chain and pipe to the platen so as to utilize the upstroke of the piston to unload a completed bale from the machine.

On one occasion before the accident the bolt had broken and the platen had fallen. Independent knew of the bolt replacements.

An employee of Disposal testified that a representative of Independent visited Disposal about once a month and that employees of Independent had seen the bale ejector in operation. There was evidence that the bale ejector could have interfered with the operation of the baler and ''this could very

easily cause the failure of that bolt with the tremendous force which is involved in the hydraulic action of that cylinder.''

In response to special interrogatories the jury found:

1. That Nichols was not negligent;

2. That Nichols did not breach a warranty it owed to Martinez;

3. That Independent was negligent;

4. That Independent did not breach a warranty it owed to Martinez;

5. That negligence on the part of Martinez was not a proximate cause of his injury;

6. That negligence on the part of Disposal contributed to Martinez' injury.[1]

The rule of strict liability in tort on the part of a manufacturer is expressed in *Greenman* v. *Yuba Power Products, Inc.*, 59 Cal.2d 57, 62-64 [27 Cal.Rptr. 697, 377 P.2d 897], the court stating: ''A manufacturer is strictly liable in tort when an article he places on the market, knowing that it is to be used without inspection for defects, proves to have a defect that causes injury to a human being. . . . [T]he liability is not one governed by the law of contract warranties but by the law of strict liability in tort. . . . To establish the manufacturer's liability it was sufficient that plaintiff proved that he was injured while using the . . . [article] in a way it was intended to be used as a result of a defect in design and manufacture of which plaintiff was not aware that made the . . . [article] unsafe for its intended use.''

In *Vandermark* v. *Ford Motor Co.*, 61 Cal.2d 256, this rule of strict liability in tort was held to apply to retailers, the court stating (at pp. 262-263 [37 Cal.Rptr. 896, 391 P.2d 168]):

''Retailers like manufacturers are engaged in the business of distributing goods to the public. . . . Strict liability on the manufacturer and retailer alike affords maximum protection to the injured plaintiff and works no injustice to the defendants, for they can adjust the costs of such protection between them in the course of their continuing business relationship. Accordingly, as a retailer engaged in the business of distributing goods to the public, Maywood Bell [defendant retailer of auto-

---

[1]Although no special finding was made to the effect that Independent's negligence did not proximately contribute to plaintiff's injury, the general verdict in favor of Independent constituted such a finding.

mobiles] is strictly liable in tort for personal injuries caused by defects in cars sold by it.''

The above stated rule of strict liability in tort was applied by this court to a wholesale seller who neither manufactures the product nor ever has possession of the goods. (*Canifax* v. *Hercules Powder Co.*, 237 Cal.App.2d 44 [46 Cal.Rptr. 552].) ▆ We shall assume for the purpose of this opinion that the rule of strict liability in tort applies also to lessors and bailors. (See *Cintrone* v. *Hertz Truck Leasing, etc. Service*, 45 N.J. 434 [212 A.2d 769].)

There was substantial evidence upon which the jury could and did find for the defendants and against the plaintiff.

The evidence is clear and convincing that the baler manufactured by defendant Nichols was altered by plaintiff's employer Disposal by the addition of a chain and pipe to the platen of the baler in such a way as to utilize the upstroke of the piston to unload the completed bale from the machine. This was a use and addition not sanctioned by Nichols. There is substantial evidence that this added bale ejector, if it had wrapped around the piston above the collar, could have caused the fracturing of the bolt and the subsequent injury to plaintiff. Thus, the judgment in favor of defendant Nichols will not be disturbed.

The jury did find defendant Independent negligent, that negligence on the part of plaintiff was not a proximate cause of his injury and that negligence on the part of plaintiff's employer Disposal ''contributed'' a proximate cause of plaintiff's injury.

The inescapable conclusion which we draw from the jury's verdict as to Independent is that its negligence, whatever it may have been, was not a proximate cause of plaintiff's injury. The judgment in favor of Independent will not be disturbed in the absence of prejudicial error having occurred in the trial.

Plaintiff contends it was error to fail to instruct on Independent's strict liability. Plaintiff's proposed instruction No. 17 omits the condition that the chattel, at the time of the injury, must have been used in its intended manner. This element is present in the *Greenman* holding (*supra,* 59 Cal.2d at p. 64; see also Rest.2d Torts, § 402A, com. h). ▆ Moreover, the proposed instruction states: ''Contributory negligence of the plaintiff, if any there was, is not a defense to the action based on strict liability.'' It is a defense to show that

the injured party knew of the defect and failed to exercise reasonable care for his own safety. (*Luthringer* v. *Moore,* 31 Cal.2d 489, 501 [190 P.2d 1]; see also Rest.2d Torts, § 402A, com. n; Prosser, 69 Yale L.J. 1099, 1147-1148.) There was evidence that Martinez knew of the prior failure of a bolt and the falling of the platen.

The trial court gave the following instructions on implied warranty which Martinez assigns as error:

1. "The essential inquiry in determining negligence or breach of implied warranty on the part of defendant, Independent Paper Stock Company, is whether they make such inspection of the paper ~~baler~~ *baling* machine as was necessary to discharge their duty of reasonable care."

2. ". . . The only implied warranty by the bailor or lender is that he has exercised reasonable care to ascertain the fitness of the machine for the purpose for which it was loaned."

3. "One who for a consideration leases or provides to another an article such as the baling machine in question, . . . impliedly warrants that he has exercised reasonable care to ascertain that ~~said~~ *the* article is safe and suitable for the purpose for which the article was provided."

4. "If the bailor or lender of ~~property~~ *chattel* has purchased it from a manufacturer who has a high reputation for the quality of his product, the bailor or lender may to a large extent rely upon the article as being well made and is only required to make such inspections as any purchaser from such a manufacturer should make before using it."

Martinez' primary objection is to the last of the instructions here quoted. The authority relied upon by the court is section 408 of the Restatement Second of Torts, comment a. This instruction is a mere extension of the "reasonableness of inspection" issue. Admittedly, if the lessor had made repairs after the leasing of the baler this instruction would be improper because the lessor would have no grounds for reliance. But the testimony was conflicting as to whether Independent had made any repairs. Independent was entitled to instruction on its theory of the case. (2 Witkin, Cal. Procedure, Trial, § 52, subd. (a), p. 1780; *Phillips* v. *G. L. Truman Excavation Co.,* 55 Cal.2d 801, 806-807 [13 Cal.Rptr. 401, 362 P.2d 33].)

The first three instructions were similar to an instruction proposed by Martinez and given by the court based on *McNeal* v. *Greenberg,* 40 Cal.2d 740 [255 P.2d 810].

Martinez also complains of the following instructions on proximate causation:

*"To recover either upon the theory of negligence or upon warranty, I have stated that plaintiff must show that his injuries were proximately caused by the defendant's breach . . . ."*

". . . the acts and omissions of two or more persons may work concurrently as the efficient cause of an injury, and in such case, each of the participating acts or omissions is regarded in law as a proximate cause.

"To give rise to liability, however, . . . any such proximate cause must have consisted of negligent conduct."

Martinez contends that under the instruction last quoted, Nichols could not have been found jointly liable on a strict liability theory unless it was also found to be negligent.

Instructions must be considered as a whole. (*Chance* v. *Lawry's Inc.*, 58 Cal.2d 368, 380 [24 Cal.Rptr. 209, 374 P.2d 185].) The court also instructed the jury that a manufacturer is strictly liable when a product that has a defect *causes* an injury and that strict liability in no way depends upon proof of negligence. The court further instructed, on the request of Martinez, "When the *negligent* acts or omissions of two or more persons, whether committed independently or in the course of jointly directed conduct, contribute concurrently and as a proximate cause of the injury of another, each of such persons is liable. This is true regardless of the relative degree of contribution." (Italics added.)

If instructions are given by the court at the request of the opposing party, or on its own motion, the complaining party cannot attack them if he himself proposed similar instructions. (*Yolo Water & Power Co.* v. *Hudson,* 182 Cal. 48, 51 [186 P. 772] ; *Loughan* v. *Harger-Haldeman,* 184 Cal.App. 2d 495, 505 [7 Cal.Rptr. 581].)

Moreover, the instructions are valid on a theory that both defendants were liable on a cause of action in negligence. The fact that clarifying instructions, limiting the instruction here complained of, were not given cannot be raised because Martinez did not offer any. (*O'Connor* v. *United Railroads,* 168 Cal. 43, 52 [141 P.2d 809].)

While the proximate cause instructions do, in a limited sense, appear to be inconsistent, it cannot be said that ". . . the instructions read as a whole and in the light of the circumstances of the case in which they were given, are apt to

confuse a person of ordinary intelligence." (*Sebrell* v. *Los Angeles Ry. Corp.*, 31 Cal.2d 813, 817 [192 P.2d 898]; *Mangrum* v. *Union Pacific R.R. Co.*, 230 Cal.App.2d 960, 966 [41 Cal.Rptr. 536].)

The appellant contends that the court erred in admitting into evidence a letter from the California Department of Industrial Relations to Nichols. He objected generally to the entry of the letter into evidence. He also contends that the court erred in striking the last paragraph of his offered instruction on the letter.

The letter states:

"Dear Sir:

"This is in response to your request for the Division to ascertain whether your paper scrap baler complies with our General Industry Safety Orders.

"On February 26, 1960, Mr. C. C. Hooper, District Engineer, met with Mr. W. E. Nichols, representing your firm, and watched a demonstration in the operation of this baler. The opinion was given at this time that your baler does comply with present industrial safety standards.

"If we can be of any further assistance in this matter, please feel free to call us."

Martinez argues that the letter is pure hearsay as to him and Disposal and as such should have been excluded and the hearsay paragraph of his proposed instruction given.

Independent argues that the letter is admissible to prove that Nichols exercised reasonable care in that he was in communication with the Department of Industrial Relations and that it was not offered to prove the facts asserted in the document. "If evidence is admissible on any ground, even though such ground is not specified, either intentionally or unintentionally, by the trial court, this court [Court of Appeal] will not find error in its admission." (*Southers* v. *Savage*, 191 Cal.App.2d 100, 105 [12 Cal.Rptr. 470].)

No instruction limiting the impact of the letter was requested.

Moreover, the instruction as given states, "You are instructed that the general safety orders of the Department of Industrial Relations, State of California, in force and effect at that time, contained no provision for the testing of either tensile or shear strength of bolts in balers." Since the strength of the bolt was one of the crucial issues of trial, this paragraph seems to pull the sting out of whatever effect the letter may have had upon the jury. The testimony about the

letter took only three pages in a very extensive reporter's transcript. It is difficult to see how the admission of the letter could be considered prejudicial.

The judgment is affirmed.

Friedman, Acting P. J., and Bray, J.,* concurred.

A petition for a rehearing was denied August 31, 1966, and appellant's petition for a hearing by the Supreme Court was denied September 28, 1966. Peters, J., was of the opinion that the petition should be granted.

*Retired Presiding Justice of the District Court of Appeal sitting under assignment by the Chairman of the Judicial Council.