Filed 8/1/13  Affiliated FM Ins. v. Southland HVAC & Construction CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| AFFILIATED FM INSURANCE COMPANY, | B241439 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC440756) |
| v. | |
| SOUTHLAND HVAC & CONSTRUCTION, INC., | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Terry A. Green and Robert H. O'Brien, Judges.  Affirmed.

Carlson & Messer LLP, Charles R. Messer and Martin Schannong for Plaintiff and Appellant.

Schaffer, Lax, McNaughton and Chen and Russell A. Franklin for Defendant and Respondent.

_____

The roof of a commercial building collapsed after a heavy rain causing over a million dollars in damages to a tenant of the building. The tenant's insurer, Affiliated FM Insurance Company, brought this action in subrogation against defendant Southland HVAC & Construction, Inc., alleging that Southland's negligence in altering the drains on the roof caused it to collapse. The trial court granted Southland's summary judgment motion and entered judgment for Southland. We affirm.

**FACTS AND PROCEEDINGS BELOW**

The following facts are undisputed.

La Curacao, a retailer, was a tenant of a building in Fountain Valley when a 600 square foot section of the building's roof collapsed. At the time the roof fell in, Affiliated was La Curacao's insurer for property damage and business interruption losses. Affiliated's investigation following the collapse showed that a secondary drain, called a scupper, was positioned approximately four inches above the roof deck near the corner of the roof that fell. The California Building Code in effect at the time required that scuppers be placed no higher than two inches above the roof deck.

Approximately four years before the accident Southland made certain repairs and renovations to the roof of the building under a contract with the building's owner. This work included removing and replacing rooftop HVAC units and installing a new roofing "membrane" over the original flat roof. The architectural plans and scope-of-work documents for the job did not call upon Southland to make any alterations to the roof's drainage system.

After settling La Curacao's claim, Affiliated brought this negligence action against Southland alleging in relevant part that it "negligently, carelessly and recklessly built, installed, inspected, failed to warn about, and approved roof-drains that were too small and that were too high, at the southeast-corner of the building" and that this negligence "legally caused damages to the plaintiff[.]"

Southland answered and moved for summary judgment on the ground, among others, that the undisputed evidence shows it did not perform the original placement of

2

the roof scuppers and that the roof failure began before the water reached the bottom of the overflow scupper as originally constructed. Furthermore, Southland argued, as a matter of law it owed no duty to warn La Curacao of the preexisting defects in the placement of the roof drains.

The trial court granted Southland's motion and entered judgment against Affiliated. Affiliated filed a timely appeal.

## DISCUSSION

### I. APPELLATE REVIEW OF SUMMARY JUDGMENTS.

To prevail on summary judgment a defendant must show that the plaintiff cannot establish one or more elements of the plaintiff's causes of action or that the defendant has a complete defense to the claims. (Code Civ. Proc., § 437c, subd. (p)(2).) A defendant may make this showing either by presenting evidence which conclusively negates an element of each of plaintiff's causes of action or conclusively establishes a defense to each cause of action, or by presenting evidence that the plaintiff does not possess and cannot reasonably obtain evidence to support its claims. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 855.)

In urging the existence or nonexistence of a triable issue of material fact, a party is not confined to its own evidence but may also rely on the evidence submitted by the opponent. (Code Civ. Proc., § 437c, subd. (c).) In construing the evidence, the moving party's showing is "strictly scrutin[ized]" while the opposing party's showing is viewed "liberally." (*Saelzler v. Advanced Group 400* (2001) 25 Cal.4th 763, 768.) Any doubts about whether the motion should be granted "should be resolved in favor of the party opposing the motion." (*Molko v. Holy Spirit Assn.* (1988) 46 Cal.3d 1092, 1107.)

We review the trial court's summary judgment ruling de novo to determine whether the moving party met its burden of showing that there is no triable issue of any material fact and that it is entitled to judgment as a matter of law. (*Lyle v. Warner Brothers Television Productions* (2006) 38 Cal.4th 264, 274.)

## II. THE UNDISPUTED EVIDENCE SHOWS THAT SOUTHLAND BREACHED NO DUTY OF CARE TO LA CURACAO.

To affirm summary judgment in this case we need not analyze each element of a cause of action for negligence. The undisputed evidence shows that Southland did not breach a duty of care to La Curacao, a tenant of the building.

It is undisputed that the roof scuppers as originally installed were placed at least two inches higher than allowed under the applicable California Building Code and that Southland did not perform the original placement of the scuppers. Nevertheless, Affiliated argues that once Southland began work that involved the scuppers, such as adding sheet metal extensions, it had a duty to bring the scuppers into compliance with the code. Affiliated cites no authority for that proposition nor does it offer an analysis showing why we should impose a duty on a contractor to voluntarily repair some other contractor's mistake especially in this case where the plans the owner gave to Southland specifically stated that existing roof drains were "to remain." (Cf. *United States v. Spearin* (1918) 248 U.S. 132, 136-137.)

Alternatively, Affiliated argues that Southland owed a duty to warn the owner of the building that the scuppers were not installed in accordance with the height limit of the building code. Be that as it may, Southland did not owe a duty to La Curacao, a *tenant* of the building, to warn either the owner or La Curacao of the potentially dangerous location of the drains.

Affiliated's argument fails to distinguish between liability for acts of misfeasance and acts of nonfeasance. Liability for misfeasance is based on the general duty to use ordinary care to prevent others from being injured by one's conduct. (Civ. Code § 1714, subd. (a); *Weirum v. RKO General, Inc.* (1975) 15 Cal.3d 40, 49.) Liability for nonfeasance, e.g. failure to warn, is limited to situations in which the defendant created the hazard or a special relationship between the parties creates a duty to act. (*Chance v. Lawry's, Inc.* (1962) 58 Cal.2d 368, 378 [duty to warn based on special relationship between premises owner who created the danger and business invitee

4

unaware of it].)  Under this rule, a person or entity "who has not created a peril is not liable in tort merely for failure to take affirmative action to assist or protect another unless there is some relationship between them which gives rise to a duty to act." (*Williams v. State of California* (1983) 34 Cal.3d 18, 23.)

*Seo v. All-Makes Overhead Doors* (2002) 97 Cal.App.4th 1193 (*Seo*), a case involving the failure to warn, is analogous to the case before us.  In *Seo*, the owner of a commercial office building hired All-Makes, a gate repair company, to periodically service the gate across the building's parking lot entrance.  (*Id*. at pp. 1198-1199.)  All-Makes did not design or install the gate, nor did it agree to warn anyone of any design defects in the gate.  (*Id.* at pp. 1203-1204.)  All-Makes eventually became aware of the possibility that persons could be injured if they placed their arms through the gate while it was sliding but it did not warn anyone of this possibility.  (*Id.* at p. 1199.)  The gate crushed Seo's arm when he tried to reach through it to flip a switch that would open it. (*Id*. at p. 1198.)  Seo brought a negligence action against All-Makes alleging that it had a duty to warn him of the design defect that caused his arm to be crushed.  The Court of Appeal affirmed summary judgment for All-Makes.  The court initially observed that All-Makes' "failure to act constitutes classic nonfeasance."  (*Id*. at p. 1203.) The court determined that All-Makes had no special relationship with Seo and therefore, despite its knowledge of the possibility of injury from the gate, no liability could be imposed because All-Makes did not design, install, or repair the gate. (*Id*. at pp. 1203-1204.)

The reasoning in *Seo* applies here as well.  It is undisputed that Southland did not create the previously existing building code violation pertaining to the location of the drains.  Moreover, Affiliated has cited no case that would support the finding of a "special relationship" between Southland and La Curacao nor provided us with a rationale for creating such a relationship under the facts of this case.  (*Id*. at p. 1203.)

5

**DISPOSITION**

The judgment is affirmed.  Respondent is awarded its costs on appeal.

<u>NOT TO BE PUBLISHED</u>.


                                        ROTHSCHILD, J.

We concur:


        MALLANO, P. J.


        CHANEY, J.


6